**ADAMS, ROWE & NORMAN, Inc., et al. v. BOWLES, Price Administrator.**

**No. 110.**

United States Emergency Court of Appeals.

Submitted May 2, 1945.

Decided May 31, 1945.

For former opinion, see 144 F.2d 357.

James L. Davidson, of Birmingham, Ala., for complainants.

Warren L. Sharfman, Chief, Court Review Rent Branch, Office of Price Administration, of Washington, D. C. (Richard H. Field, General Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Maurice Alexandre and Mavis M. Clark, Attys., Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY, and LAWS, Judges.

PER CURIAM.

The Price Administrator filed on April 23, 1945, a second petition for modification of our judgment in the above-entitled case. 144 F.2d 357.

Our original judgment, entered July 31, 1944, read as follows:

"On consideration whereof, it is now here ordered and adjudged that the provisions of Maximum Rent Regulations No. 3 and No. 26, insofar as they apply the maximum rent date April 1, 1941, to the housing accommodations owned by Complainants and others similarly situated and rented to their respective employees, be, and they hereby are, set aside."

On August 15, 1944, respondent filed his first petition for modification of judgment, asking us to amend the judgment so as to read that the provisions of the two regulations in question "are set aside insofar as they apply the maximum rent date, April 1, 1941, to the housing accommodations owned by Complainants and others similarly situated and rented to their respective employees, without providing for adjustment of such maximum rents in conformity with this opinion." In this petition the Administrator stated it to be his intention that "Complainants and others similarly situated shall, if the judgment is modified as requested, receive all the relief which the Court has said they are entitled to obtain." At this time the Administrator did not challenge the factual showing made by complainants in the protest proceedings, upon the basis of which we held they were entitled to relief. The Administrator urged, however, for reasons which we felt to be persuasive, that he ought to be free to grant such relief by the methods of inserting in the regulation a special adjustment provision covering the particular situation. Respondent's Associate General Counsel, in a telegram to counsel for complainants dated August 21, 1944, stated:

"My understanding is that if petition for modification of Judgment is granted Administrator will within 15 days thereafter amend regulations to include adjustment provision in accordance with Court's opinion, will treat Complainants' protest as petition for adjustment thereunder and will issue orders permitting Complainants to receive for their houses leased to employees the rents which they charged on effective date of Regulations 3 and 26. I believe this will be done very promptly after issuance of Court's order."

Upon consideration of the petition, we did amend our judgment, though not entirely in the manner requested by the Administrator. By order of August 25, 1944,

our judgment was amended to read as follows:

"On consideration whereof, it is now here ordered and adjudged that the provisions of Maximum Rent Regulations No. 3 and No. 26 are set aside insofar as they apply the maximum rent date April 1, 1941, to the housing accommodations owned by Complainants and others similarly situated and rented to their respective employees, unless within thirty days after the entry of this modified Judgment the said regulations are amended so as to authorize and provide for the adjustment of such maximum rents in conformity with the opinion of this Court filed July 31, 1944, and within the same period relief is accorded to the Complainants thereunder."

It is evident from the last clause of the amended judgment, above quoted, that respondent was thereby precluded from contesting the right of complainants to relief under the proposed new adjustment provision. Respondent promptly amended the regulation to include a new adjustment provision and granted adjustments to complainants thereunder.

Now, eight months later, respondent again asks us to modify our judgment, this time by striking out the concluding clause "and within the same period relief is accorded to the Complainants thereunder." In support of the petition, respondent sets forth that information has subsequently come to his attention indicating that, at least in the case of some of the complainants, there is considerable doubt as to the "accuracy of some of the factual allegations relied on by this Court in arriving at its decision". He states that if we further amend the judgment as requested, he proposes to revoke his various orders granting adjustments to the complainants and to reopen the adjustment proceedings for the purpose of trying out issues of fact bearing on whether complainants qualify for relief under the terms of the applicable adjustment provision.

█ Assuming, without deciding, that this court has power to modify the judgment at this time, we think that under the circumstances it is altogether too late to reopen the case. If the Administrator had wanted to reserve the power, after renewed investigation, to challenge the factual basis upon which we held complainants were entitled to relief, he should have promptly objected to the terms of our judgment as modified on August 25, 1944.

█ We may add—what should be plain enough, though possibly there is some misunderstanding on the part of the unions representing complainants' employees—that this court's judgment did not order a raise in rents for complainants' company houses, nor has this been done by the adjustment orders issued by the Administrator in compliance with our judgment. All that has been raised is the maximum rents which it is lawful for complainants to charge. If it is a fact that the rents which some of complainants were charging when the rent regulation went into effect were not fixed by collective bargaining agreements with the local unions, the unions are free to invoke the usual processes of collective bargaining as established by their mine agreements with a view to working out with the employers a scale of rents below the legal maximum.

The petition is denied.